IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-CV-2773-MSK-CBS

ALLEN WILLIAMS,

    Plaintiff,

v.

RICKY MERCER, in his individual capacity;
THE ESTATE OF ROY HAVENS, in his individual capacity, by and through its Personal Representative, LINDA HAVENS;
JODI JOHNSON, in her individual capacity;
DONNA GUYETT, in her individual capacity;
SHERRY ROGERS, in her individual capacity;
TRUDY SICOTTE, in her individual capacity;
MICHAEL SNELL, in his individual capacity;
JAY ROCCHI, in his individual capacity;
JONATHAN HANSEN, in his individual capacity; and
JOHN DOE DEFENDANTS, in their individual capacities,

    Defendants.

## ORDER ON MOTION TO AMEND COMPLAINT

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Leave to Amend His First Amended Complaint (**# 53**), the Defendants' Response (**# 55**), and the Plaintiff's Reply (**# 57**). For the following reasons, the motion is denied.

Plaintiff Allen Williams initiated this action on November 14, 2016. Mr. Williams' claims are based on the allegation that he was provided constitutionally inadequate treatment when he suffered a warning strokes and a subsequent full stroke in May 2015 at the Fremont Correctional Facility, where he is incarcerated. In January 2017, he filed a First Amended Complaint (**# 15**) asserting the following causes of action under 42 U.S.C. § 1983 and the Eighth

1

Amendment: deliberate indifference to his warning strokes, deliberate indifference to his full stroke, deliberate indifference in the Defendants' entire course of conduct, and three claims of conspiracy corresponding to the foregoing deliberate-indifference claims. In addition, Mr. Williams brought a claim for negligence under state law.

The Scheduling Order (**# 40**) required the parties to (1) amend pleadings by June 7, 2017, (2) complete discovery by September 5, 2017, and (3) file dispositive motions on or before September 5, 2017. Mr. Williams filed the pending motion to amend on August 1, 2017. He seeks to amend his First Amended Complaint to add as a defendant Supplemental Health Care (SHC), the employer of some defendants, with regard to the negligence claim, and dismiss claims against Jonathan Hansen, Michael Snell, Jay Rocchi, and Sherry Rogers as defendants.

A two-step analysis is used to determine whether to allow amendment to the pleadings after the passing of the deadline established by the scheduling order. First, the Court considers whether the movant has shown good cause under Federal Rule of Civil Procedure 16(b) to seek modification of the scheduling order. Second, the Court weighs whether amendment should be allowed under Rule 15(a). *See Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014). Rule 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This standard requires the movant to show that the scheduling order's deadlines cannot be met despite the movant's diligent efforts. The burden may be satisfied, for example, when the movant learns new information through discovery or if the underlying law has changed. *Gorsuch*, 771 F.3d at 1240. Rule 16(b) does not focus on the bad faith of the movant or prejudice to the opposing party; rather, diligence of the movant is the only consideration. *Colo. Visionary Acad. v. Medronic Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

In his motion, Mr. Williams asserts that his delay is excusable. Specifically, he argues

2

that he knew long ago that he wanted to amend his complaint to add SHC, but because he also suspected that Ms. Rogers' deposition could lead to testimony confirming that she did not directly treat Mr. Williams, he waited until after her deposition to combine the two potential amendments rather than amending once to add SHC and amending again to remove Ms. Rogers. Complicating this strategy was Ms. Rogers' repeated delay of her deposition, pushing this motion past the deadline to amend pleadings.

Mr. Williams has failed to establish good cause here. While the Court understands his approach and thought process, Mr. Williams nevertheless made a tactical decision to combine amendments rather than move for them as they became cognizable. At a minimum, he could have moved the Court to extend the deadline to amend pleadings, explaining the circumstances as he does in this motion and stating that he awaits Ms. Rogers' deposition. But he easily could have moved to timely amend his complaint to add SHC without regard to the removal of Ms. Rogers. Moreover, Mr. Williams did not even need to amend his complaint to dismiss Ms. Rogers from the suit — he can accomplish that by filing a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(i). The Court therefore finds no good cause to support amendment of the Scheduling Order or amendment of Mr. Williams' First Amended Complaint. The Court will, however, construe the motion as a notice of voluntary dismissal under Rule 41. Thus, Mr. Williams' claims against Jonathan Hansen, Michael Snell, Jay Rocchi, and Sherry Rogers are **DISMISSED** and the motion is **DENIED** in all other respects.

Dated this 12th day of October, 2017.

BY THE COURT:

Marcia S. Krieger
United States District Court